HAROLD V. HATFIELD,  )
 )
      Plaintiff,  )
 )
v.  )     No. 3:25-CV-292-CEA-DCP
 )
ROBERT ESTEP *et al.*,  )
 )
      Defendants.  )
 )

## O R D E R

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint for Violation of Civil Rights [Doc. 1] and the Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 4]. For the reasons more fully stated below, the Court **HOLDS IN ABEYANCE** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 4**].

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915.[1] To accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an initial review, a complaint "must contain sufficient

---

[1] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts also have a continuing duty to ensure that jurisdiction exists to hear the case. *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff names the following Defendants in this case: Robert Estep, General Sessions Court Judge, in his individual and official capacity ("Defendant Estep"); Zachary Walden, Eighth Judicial Circuit Court Judge, in his individual and official capacity ("Defendant Walden"); Jared Efler, Eighth Judicial District Attorney, in his individual and official capacity ("Defendant Efler"); Carla Nicole Brewer, Eighth Judicial Assistant District Attorney, in her individual and official

2

capacity ("Defendant Brewer"); and Andrew J. Crawford, a public defender, in his individual and official capacity ("Defendant Crawford") [Doc. 1 pp. 3, 5].

Plaintiff alleges violations under 18 U.S.C. § 1983. Specifically, Plaintiff alleges that he was held from August 9, 2023, until May 4, 2025, with no bond [*Id.* at 4]. Plaintiff asserts that in Tennessee, a violation of a no-contact order carries a ten (10) day sentence, and that being held without bond violated the Eighth Amendment of the Constitution [*Id.*]. He asserts that on August 9, 2023, he was held in Claiborne County with no bond [*Id.* at 6–7]. He states he "posted to a no-bond status on a ten day violation by [Defendant] Estep Sessions Judge" [*Id.* at 7]. He asserts that he filed a bond modification in October 2023 in Circuit Court under Defendant Walden, which was never heard, and that Defendant Walden praised his handwritten motion on the record [*Id.*].

Plaintiff requests that all Defendants pay the loss of two (2) years salaries of $50,000 [*Id.*]. For the violation of his constitutional and civil rights, Plaintiff requests $635,000, at $1,000 a day, allowed by Tennessee State Law, for a total of $3.5 million [*Id.*].

B.    Review

In so far as Plaintiff is asserting that Defendant Estep and Defendant Walden violated Plaintiff's Eighth Amendment right to no excessive bail and that he is entitled to monetary damages, Defendant Estep and Defendant Walden, as judges, have absolute immunity from action for monetary damages under 42 U.S.C. § 1983 for claims based upon performance of their judicial duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."). The judge's immunity applies even if his acts were erroneous, malicious, or in excess of the judge's authority. *Id.* To be liable for damages, the judge's act has to be "nonjudicial . . . *i.e.*, actions not taken in the judge's judicial capacity" and for actions "taken in the complete absence of all jurisdiction." *Id.* (citing *Forrester v. White*, 484 U.S. 219,

3

227–29, 356–57 (1988)). Here, Defendant Estep's and Defendant Walden's alleged acts involve bond hearings and setting or refusing to set bond. These acts are judicial acts within the scope of their jurisdiction. "A determination of bond, and any alleged claim arising from the exercise of that judicial function is barred by absolute immunity." *Armstrong v. Russell*, No. 1:14-cv-00036, 2014 WL 1317299, at *1 (M.D. Tenn. March 28, 2014) (citing *Root v. Liston*, 444 F.3d 127, 132 (2d Cir. 2006) (holding that judges who set bail are absolutely immune when they do so)). Accordingly, Plaintiff's claims against Defendant Judge Estep and Defendant Judge Walden fail to the extent he seeks monetary damages under 42 U.S.C. § 1983 for claims based upon their judicial duties.

Plaintiff also sues Defendant Efler and Defendant Brewer, Eighth Judicial District Attorneys, and Defendant Crawford, a public defender, but does not connect any of these Defendants to a specific claim. *See Hamadmad v. Carter*, No. 2:24-CV-4236, 2025 WL 3763824, at *5 (S.D. Ohio Dec. 30, 2025) ("To hold an individual defendant liable under § 1983, a plaintiff must allege 'personal involvement' in the alleged unconstitutional conduct." (quoting *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008)). The Court finds that Plaintiff has failed to meet the requirements of Federal Rule of Civil Procedure 8(a)(2) to provide a "short and plain statement of the claim showing that he is entitled to relief."

Instead of recommending dismissal, the Court will allow Plaintiff an opportunity to amend his Complaint in light of his pro se status. In his amended complaint, Plaintiff shall provide a short and plain statement of the relevant facts supporting his claims. *See* Fed. R. Civ. P. 8(a). Plaintiff's amended complaint should provide, to the extent applicable, the following details:

    a) the names and titles of all [defendants if known];

    b) . . . all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

4

c) . . . the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) . . . the location where each relevant event occurred;

e) . . . how each defendant's acts or omissions violated Plaintiff's rights and . . . the injuries Plaintiff suffered; and

f) . . . what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Polite v. VIP Cmty. Servs.*, No. 20-CV-7631 (LLS), 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020). "Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Id.*; *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference). Plaintiff **SHALL** file his amended complaint on or before **April 30, 2026.**

    **IT IS SO ORDERED.**

    ENTER:

    _____
    Debra C. Poplin
    United States Magistrate Judge

5