UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HAROLD V. HATFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-292-CEA-DCP |
| | ) | |
| JARED EFLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 4] and his Amended Complaint [Doc. 13].[1] For the reasons more fully stated below, the Court **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 4**]. The Court will therefore allow Plaintiff to file his Complaint without the prepayment of costs. The Court, however, **RECOMMENDS** that the District Judge dismiss Plaintiff's Amended Complaint.

## I.     DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), with the required detailing of his financial condition, and his Prisoner Account Statement Certificate ("Certificate") as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2) [Doc. 4]. Plaintiff attests that he is not able to afford the filing

---

[1]     Plaintiff filed his original complaint on June 9, 2025 [Doc. 1]. The undersigned, however, found that it did not meet the requirements necessary to survive screening under 28 U.S.C. § 1915, and allowed Plaintiff until April 30, 2026, to file an amended complaint [Doc. 12]. Plaintiff filed his Amended Complaint on April 15, 2026.

fee, and his Certificate shows that he has a zero balance in his trust account and the same amount during the last six months. The Application and Certificate demonstrate that Plaintiff has little income and no assets and is unable to prepay such fees. Accordingly, the Court **GRANTS** Plaintiff's Application [**Doc. 4**].

While Plaintiff's account reflects a zero balance, it remains that, as a prisoner, he is responsible for paying the filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is therefore **ASSESSED** the civil filing fee of $350.00. Because Plaintiff is unable to pay the full filing fee at this time, he shall pay the fee on an installment basis, when and if sufficient funds become available. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10.00), until the full $350.00 fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATIONS AFTER SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915. To accomplish this end, the Court must evaluate the litigant's

indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

By way of background, Plaintiff's original complaint related to his claim of being held in Claiborne County without bond from August 9, 2023, until May 4, 2025 [Doc. 1 pp. 4, 6–7]. He named as Defendants two judges and several attorneys. On March 30, 2026, the undersigned entered an Order, holding Plaintiff's Application in Abeyance but explaining and applying the screening standards in accordance with 28 U.S.C. § 1915 [Doc. 12]. In that Order, the undersigned concluded that no claims had been sufficiently pleaded, but rather than recommending dismissal

3

at that time, allowed Plaintiff an opportunity to amend [*Id.* at 3–5]. The March 30 Order explained that any amended complaint must state all claims Plaintiff intends to pursue and that it will completely replace, not supplement, the original complaint [*Id.* at 5].

Plaintiff timely filed his Amended Complaint [Doc. 13]. He has abandoned all claims against the two judges. He names the following Defendants: Jared Efler, Eighth Judicial District Attorney, in his individual and official capacity ("Defendant Efler"); Carla Nicole Brewer, Eighth Judicial Assistant District Attorney, in her individual and official capacity ("Defendant Brewer"); and Andrew J. Crawford, a public defender, in his individual and official capacity ("Defendant Crawford") [Doc. 13 p. 2]. Plaintiff alleges that between August 9, 2023 and May 5, 2025, in Claiborne County, Tennessee, Defendants Efler, Brewer, and Crawford "were instrumental in adoption, promul[g]ation, and implementation of depriving [him] of his Eighth [Amendment] and constitutional rights" [*Id.* at 5–6]. He asserts that on August 9, 2023, in Sessions Court, "Judge Robert Estep stated that [he] had violated a no contact order" [*id.* at 4] and that "Defendant Brewer produced a letter or rather an envelope which [he] had written to [] Christina Palverento," who was the subject of the no contact order [*id.*]. Plaintiff contends that "[i]n only producing the addressed envelope and not the letter itself[,] Defendant Brewer knew of, condoned and willfully and maliciously agreed to subject [him] to a violation of the Eighth [Amendment] to no unreasonable bond" [*Id.*].

Plaintiff further contends that Defendant Crawford "did nothing to help . . . [and] would not file any motion before either court[,] sessions or circuit court" [*Id.* at 5]. Plaintiff filed a motion "before the Circuit Court in October of 2023," but "[t]he next time in court[,] Defendant Crawford expressed his unwillingness to have the bond modification motion heard before Judge Waldon" [*Id.*]. Plaintiff alleges that Defendant Crawford also "knew of, condoned and willfully and

4

maliciously agreed to subject [him] to an Eighth [Amendment] violation of no unreasonable bond" [*Id.*].

Finally, Plaintiff similarly maintains that Defendant Efler "[knew] of, condoned and willfully and maliciously agreed to subject [him] to [an] Eighth [Amendment] violation of no unreasonable bond" [*Id.*]. Plaintiff does not include any factual support for this claim against Defendant Efler but rather cites to "*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)" [*Id.*].

For the alleged violations, Plaintiff requests $25,000 "for lost wages for the years 2023-2025" as well as $635,000, "at one thousand [$]1,000.00 a day as allowed by Tennessee [l]aw[,] for a total of [$2,055,000.00 million]" [*Id.*].

**B.     Screening of the Complaint**

Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S.144, 150 (1970).

With respect to Defendant Efler, a district attorney, and Defendant Brewer, an assistant district attorney, Plaintiff indicates that he is suing them in their official and individual capacities. But as previously noted, there are no factual allegations against Defendant Efler in the Amended Complaint. Without any allegations, Plaintiff cannot state a claim of relief against him.[2] *See Giles*

---

[2]     To the extent the Amended Complaint can be construed as alleging a claim against Defendant Efler in his capacity as supervisor to Defendant Brewer, the doctrine of respondeat superior does not apply in § 1983 actions to impute liability onto supervisory personnel. *Brown v. Ohio*, No. 1:25-CV-176, 2025 WL 1982747, at *8 (S.D. Ohio July 17, 2025), *report and*

5

*v. Garland*, No. 1:24-CV-10138, 2024 WL 1009546, at *2 (E.D. Mich. Jan. 25, 2024) ("Because Plaintiff's complaint does not allege any personal involvement by these Defendants, the undersigned recommends they be dismissed from the action." (citations omitted)); *report and recommendation adopted*, No. 1:24-CV-10138, 2024 WL 1478862 (E.D. Mich. Apr. 5, 2024), *aff'd*, No. 24-1320, 2024 WL 4556462 (6th Cir. Aug. 21, 2024); *Thompson v. Branch*, No. 1:24-cv-2, 2024 WL 579756, at *7 (S.D. Ohio Feb. 13, 2024) ("Any claims against Prosecutor Blake should be dismissed, as the Complaint contains no allegations about him or her.").

As to Defendant Brewer, a claim against Defendant Brewer as an assistant district attorney in her official capacity is in effect a claim against the State of Tennessee. The "State of Tennessee . . . enjoys sovereign immunity under the Eleventh Amendment for claims seeking damages under Section 1983." *Poole v. Tenn.*, No. 1:17-CV-77, 2017 WL 9250370, at *1 (E.D. Tenn. June 29, 2017) (collecting cases). Accordingly, Defendant Brewer is protected by sovereign immunity for a claim against her in her official capacity. See *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) (holding that plaintiff's "request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and [is] barred by the Eleventh Amendment").

The undersigned finds that a suit against Defendant Brewer in her individual capacity similarly fails. Plaintiff references that in presenting an envelope as evidence of a no contact order against him, she subjected him "to a violation of the Eighth [Amendment] to no unreasonable bond" [Doc. 13 p. 4]. This allegation clearly stems from her actions as a prosecutor, and prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal

---

*recommendation adopted sub nom. Brown v. Collins*, No. 1:25-CV-176, 2025 WL 3750682 (S.D. Ohio Dec. 29, 2025) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (citation omitted)).

process[.]" *Imbler v. Patchman*, 424 U.S. 409, 430–31 (1976). In considering prosecutorial immunity, courts look to "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988); *see Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000) (finding the critical question is whether the individual was "functioning in an enforcement role and acting as [an] advocate[] for the state in initiating and prosecuting judicial proceedings," in which case they are "entitled to an absolute immunity defense."); *see also Cady v. Arenac Cnty.*, 574 F.3d 334, 340 (6th Cir. 2009) (noting that prosecutorial immunity extends even to "unquestionably illegal or improper conduct[,]"). Here, pursuant to the allegations in the Amended Complaint, Defendant Brewer was acting in her role as an assistant district attorney, in the judicial phase of the criminal process, and thus, she is entitled to immunity.

Lastly, as to as to Plaintiff's claims against Defendant Crawford, a public defender, the undersigned also recommends they be dismissed. First, in terms of Plaintiff's official capacity claim, it appears he is trying to proceed against Defendant Crawford based upon his dissatisfaction with his performance. However, the Eleventh Amendment to the United States Constitution bars suits against a state and its agencies, *see Brent v. Wayne Co. Dept. of Human Servs.*, 901 F.3d 656, 681 (6th Cir. 2018), and personnel of the public defender system are state employees immune from suit for any negligence "arising from the execution of the employee's official duties as an employee of the district defenders conference." Tenn. Code. Ann. § 8-14-109.

Further, as to the individual capacity claim, as previously noted, "a plaintiff must allege . . . that the violation was committed by a person acting under color of state law" in order to assert a claim under § 1983. *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010). "Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings." *Warren v. Holland*, No. 4:08-cv-56, 2009

7

WL 1362296, at \*4 (W.D. Ky. May 14, 2009) (citation omitted); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

There are narrow exceptions to the rule, including that "[a] person may be a state actor if he or she 'acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Ayers v. Gabis*, No. 20-11735, 2021 WL 4316853, at \*4 (E.D. Mich. Sept. 23, 2021) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "But without some plausible and specific factual showing that the person acted in concert with state officials to deprive the plaintiff of some constitutional right, a criminal defense attorney is not a 'state actor' and is not subject to suit under 42 U.S.C. § 1983." *Id.* at \*4 (citing *Elrod v. Mich. Sup. Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004)).

Here, Plaintiff alleges that Defendant Crawford did not file a motion in sessions or circuit court and was "unwilling[] to have the bond modification motion" that Plaintiff filed on his own behalf "heard before Judge Waldon" [*Id.* at 13]. These facts do not allow the undersigned to conclude that the described exception would apply. Accordingly, as a public defender, the undersigned recommends that Plaintiff's claims against Defendant Crawford in both his official and individual capacity be dismissed.

### C. Amendment

The Court has already allowed Plaintiff an opportunity to file an amended complaint to address deficiencies, and further amendment would not cure the defects described above.

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 4**]. But no process shall issue until the District

Judge has ruled upon this Report and Recommendation[3] because the undersigned

**RECOMMENDS**[4] that the Amended Complaint [Doc. 13] be **DISMISSED** in its entirety.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[3] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

9